UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-4037 PA (PDx) | Date | July 20, 2026 |
|---|---|---|---|
| Title | Wilmer Yovany Acevedo Gil v. Mark Wayne Mullin et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Daniel Torrez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court is an "Emergency Motion for a Temporary Restraining Order to Prevent Transfer or Removal" ("TRO Motion") filed by petitioner Wilmer Yovany Acevedo Gil ("Petitioner"), who is appearing pro se.  (Docket No. 2.)  Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on July 20, 2026.  The Petition names as respondents Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Todd Blanche, Acting Attorney General; and the Facility Administrator at the ICE Processing Center in Adelanto, California (collectively "Respondents").  According to the Petition, Petitioner was detained by ICE on May 9, 2026, in Florida, then transferred to Adelanto Detention Center.  The Petition alleges that Petitioner received an individualized bond hearing before an immigration judge but that the hearing was constitutionally inadequate.[1]  In his TRO Motion, Petitioner argues that he "faces a concrete and immediate risk of transfer or removal that would irreparably defeat this Court's jurisdiction" because the "Adelanto ICE Processing Center has a documented pattern of transferring detainees rapidly without meaningful advance notice to other facilities and jurisdictions . . . ."  (TRO Mot. at p. 2.)  Petitioner's TRO Motion seeks to enjoin Respondents from transferring Petitioner outside this judicial district during the pendency of this action.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05.  (Docket No. 4.)  Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office

---

[1]    Petitioner previously filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on June 1, 2026, challenging his immigration detention.  See Wilmer Yovany Acevedo Gil v. Gene Borchardt, et al., Case No. ED CV 26-1990-PA-PD.  In the previous action, Petitioner alleged that since being detained, he had not received any individualized bond hearing before and immigration judge.  On July 1, 2026, the Court entered a Order requiring Respondents to either release Petitioner or provide him with an individualized bond hearing before an immigration judge within seven days.  The Court then entered a Judgment dismissing that action. (See id., Docket Nos. 12, 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-4037 PA (PDx) | Date | July 20, 2026 |
|---|---|---|---|
| Title | Wilmer Yovany Acevedo Gil v. Mark Wayne Mullin et al. | | |

issued the Notice of General Order on July 20, 2026, and Petitioner's Reply due no later than 14 days after the Answer is served.  This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief.  (General Order 26-05 at pp. 1, 3.)  The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule."  (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order.  In particular, Petitioner's generalized allegations of a "pattern" of transferring detainees do not suffice to show that he himself faces an imminent risk of transfer or removal during the pendency of this habeas action.  Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief.  As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the  absence of preliminary relief").  The Court therefore denies the TRO Motion.  Proceedings on the merits of the Petition continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.