UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04037-PA-PD Date: July 24, 2026

Title *Wilmer Yovany Acevedo Gil v. Markwayne Mullins, et al.*

Present: The Honorable: Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| --- | --- |
| N/A | N/A |

**Proceedings (In Chambers): Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel**

Petitioner, an immigration detainee who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner previously filed a habeas petition (*Gil v. Borchardt, et al.*, Case No. 5:26-cv-02990-PA-PD) and was granted a bond hearing under 8 U.S.C. § 1226(a). The immigration judge ("IJ") denied bond based on flight. Petitioner has now filed this action arguing that his due process rights were violated because the Government failed to meet its burden at the bond hearing and the IJ failed to give meaningful weight to Petitioner's community ties.

There is no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04037-PA-PD Date: July 24, 2026

Title *Wilmer Yovany Acevedo Gil v. Markwayne Mullins, et al.*

Here, the *Weygandt* factors sufficiently support the appointment of counsel to represent Petitioner. The office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one.

Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner. The FPD is **ORDERED** to file a response by **July 28, 2026**, indicating whether the FPD will represent Petitioner in this matter. This obligation shall be satisfied if the FPD files a notice of appearance in this case. The Clerk of Court is **DIRECTED** to serve a copy of this order and a copy of the Petition on the FPD.

**IT IS SO ORDERED**.

cc: FPD [ATTN: Jonathan_Aminoff@fd.org]